UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
AVONE LEACH,

                        Plaintiff,

              -against-

Detective RAYMOND GORDON, Shield No. 4592; EDWARD FACKLER; Detective MICHAEL ALGIERI, Shield No. 510; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

13 CV 3573 (RRM)(RER)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Avone Leach ("plaintiff" or "Mr. Leach") is a resident of Kings County in the City and State of New York.

7. Defendant Detective Raymond Gordon, Shield No. 4592 ("Gordon"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Gordon is sued in his individual and official capacities.

8. Defendant Edward Fackler ("Fackler"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Fackler is sued in his individual and official capacities.

9. Defendant Detective Michael Algieri, Shield No. 510 ("Algieri"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Algieri is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 11:00 a.m. on October 15, 2011, plaintiff was lawfully present inside a bodega in the vicinity of Nostrand Avenue and Herkimer Street in Brooklyn, New York.

14. Without reasonable suspicion, the defendants entered the store, handcuffed plaintiff and subjected him to an unlawful search, recovering no contraband.

15. Plaintiff asked the defendants what they were doing and stated that he had committed no crime.

16. Defendants told plaintiff, in sum and substance, to tell it to the judge.

17. Even though he had committed no crime, the defendants arrested plaintiff and took him to the 79th Precinct.

18. At the precinct, plaintiff was subjected to an unlawful strip search.

19. The defendants falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff in a drug transaction and prepared police paperwork, including an arrest report, to this effect.

20. At no point did the officers observe plaintiff involved in a drug transaction.

21. Plaintiff was then sent to Central Booking.

22. After spending approximately 14 hours in custody, plaintiff was released without seeing a judge.

23. The District Attorney declined to prosecute plaintiff.

24. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

27. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

30. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Denial Of Constitutional Right To Fair Trial

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. The individual defendants created false evidence against plaintiff.

33. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

34. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

35. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Unlawful Strip Search

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected plaintiff to a strip search without legal justification.

38. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

41. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

42. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:	October 16, 2013
	New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwandf.com

*Attorneys for plaintiff*
